## E. W. Bates v. E. J. Hallinan.

1.  DISTRESS FOR RENT—*when does not lie.* The remedy of a land-
lord by distress does not lie for the breach of any covenant contained
in a lease except a covenant providing for the payment of rent.

Distress for rent.  Appeal from the Circuit Court of Logan County;
the Hon. GEORGE W. PATTON, Judge, presiding.  Heard in this court
at the May term, 1905.  Affirmed.  Opinion filed October 9, 1905.

HUMPHREY & ANDERSON, for appellant.

BLINN & COVEY, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is a proceeding by distress for rent instituted by
appellant against appellee in the Circuit Court of Logan
county.  Appellant rented to appellee a farm in Logan
county for one year, beginning March 1, 1903.  The lease
is in writing and the rent therein specified to be rendered
is, for certain parts of the premises, five dollars per acre,
and for the remainder, one-half of the grain raised thereon.
There are numerous covenants contained in the lease to be
performed by appellee, but only one of them is involved in
this consideration, and is: "The party of the second part
covenants to farm said premises in a husbandlike manner,
and to raise the greatest amount of grain thereon the na-
ture of the soil and season will permit."  The warrant
avers that this covenant was broken, that appellee did not
farm the premises in a husbandlike manner, setting out his
failure to plow and harrow the corn and keep out the weeds
and that thereby the crop produced was only three thou-
sand bushels, whereas by good husbandry it would have
been eight thousand bushels, whereby appellant lost twenty-
five hundred bushels of corn of the value of forty cents
per bushel, to wit: $1,000.  No question arises here con-
cerning the cash and grain rent above mentioned.  The
sole question presented for our consideration is whether
the right of distress exists for damages arising from the

breach of the covenant above quoted. This question was before this court at the November term, 1904, in the case of Lord v. Johnson, 120 App. 55, and determined adversely to the contention of appellant. Distress lies for rent and rent only. It does not lie upon any covenant in a lease except the covenant for payment of rent. That was the doctrine at common law and the statute has not changed it. The judgment is affirmed.

*Affirmed.*